UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | )    C.R. No. 22-0054-MSM -LDA <br> ) |
| DASHAWN DIAZ. | ) <br> ) |

ORDER

Mary S. McElroy, United States District Judge.

    Dashawn Diaz was charged by a Federal Grand Jury on April 27, 2022, and charged with five counts of Bank Robbery in violation of §§18 U.S.C. § 2113(a) and 2. After pleading guilty on March 2, 2023, he was sentenced on September 24, 2023, and ordered to serve 30 months of incarceration on all five counts to be served concurrently.  On May 7, 2024, he filed the present motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582.  (ECF No. 63.)  Through this motion Mr. Diaz seeks to have his guideline range recalculated because of changes to the way criminal history points are counted for defendants who are under a criminal justice sentence at the time of the offense charged.  In the calculation of his original guideline range, two points were added to the criminal history calculation because Mr. Diaz committed the instant offense while under a criminal justice sentence.  (ECF No. 56.) Specifically, he was subject to a state probationary sentence at the time he committed the offenses in this case.  That resulted in a total of four criminal history points and a criminal history category of III.   With a total offense level of 23 and a criminal

history category of III his advisory guideline sentencing range called for a term of imprisonment of 57 to 71 months.

"Part A of Amendment 821 limits the overall criminal history impact of "status points" (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status) under § 4A1.1 (Criminal History Category)."  88 FR 60534, 605352023. The changes to the calculation of criminal history, for defendants who were under a criminal justice sentence, were made retroactive at the time they were implemented in November 2023.

A recalculation of Mr. Diaz's criminal history under the current guidelines would result in an unchanged offense level.  His criminal history category would be reduced from III to II.  This would result in a change in his guideline range taking the range from 57 to 71 months of imprisonment to 51 to 63 months of imprisonment. However, § 1B1.10(b)(2)(A) of the Guidelines directs that the Court not reduce the term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range.  Because the sentence that Mr. Diaz received was below the low end of the amended range, he is not eligible for a reduction in sentence under the new criminal history guidelines.

For that reason, Defendant's motion is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 3, 2024